UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-02407-AH-(BFMx) | Date | November 3, 2025 |
|---|---|---|---|
| Title | *Eric D. Bailey v. LoanCare LLC et al.* | | |

| Present: The Honorable | Anne Hwang, United States District Judge |
|---|---|

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART DEFENDANTS' AMENDED MOTION TO DISMISS (DKT. NOS. 4, 17, 23)**

Before the Court is pro se Plaintiff Eric D. Bailey's Motion to Remand, Dkt. No. 17; Defendants LoanCare LLC ("LoanCare") and Lakeview Loan Servicing LLC's ("Lakeview") (collectively, "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), Dkt. No. 4; and Defendants' Amended Motion to Dismiss Plaintiff's FAC, Amended Mot., Dkt. No. 23.[1] Defendants oppose the Motion to Remand. Dkt. No. 22. Plaintiff filed a Combined Opposition to both Motions to Dismiss. Opp'n, Dkt. No. 25. Defendants filed a Reply. Reply, Dkt. No. 28. The Court heard oral argument on October 29, 2025. For the reasons set forth below, the Court DENIES the motion to remand, DENIES the Motion to Dismiss as moot,[2] and GRANTS in part and DENIES in part the Amended Motion to Dismiss.

---

[1] There are other defendants who did not join the Motion to Dismiss or Amended Motion to Dismiss.

[2] In light of the second, "Amended Motion to Dismiss," the Court declines to consider the earlier filed motion and denies it as moot.

---

CIVIL MINUTES – GENERAL   Initials of Deputy Clerk YS

## I.    BACKGROUND

### A.    Facts Alleged in the FAC[3]

At issue in this case is certain real property located in Victorville, California ("Property").  *See* FAC ¶ 1.  "[T]he property was encumbered by a deed of trust securing a mortgage loan," in the amount of $372,135.00.  *Id.* ¶ 12; Ex. 1, FAC.[4] The Deed of Trust recorded on July 21, 2023, indicates that Defendant Golden Empire Mortgage, Inc. ("Golden Empire") was the lender.  Ex. 1, FAC.  LoanCare became the loan servicer for the Property.  FAC ¶ 2.

Following acquisition of the Property, "Plaintiff made payments on the mortgage loan and maintained homeowner's insurance on the Property."  *Id.* ¶ 13. Prior to January 12, 2024, Plaintiff "sent a debt validation request" to Defendants pursuant to the Fair Debt Collection Practices Act, requesting verification of the debt, the amount owed, the identity of the creditor, and "legal basis for collection." *Id.* ¶ 14.

#### 1.    Golden Empire's Alleged Conduct

Plaintiff alleges that Golden Empire did not provide "proper debt validation."  *See id.* ¶ 15.  Instead, Golden Empire allegedly sent "unsolicited loan modification documents," which Plaintiff rejected.  *Id*. ¶ 15, 18.  Specifically, from January 9 to January 16, 2024, Golden Empire's loan officer, Manuel Corral, sent several texts to Plaintiff.  *See* Ex. 7, FAC, Dkt. No. 1-4 at 89, 107–08.[5]  On January 11, 2024, Corral texted Plaintiff that "[m]y corporate office is willing to send you [a] $150 gift card if you would be willing to communicate with us.  I'm here to help you.  We need to get a firm [sic] signed.  Are you open to taking my call?" *See id.* at 89, 107.

On January 12, 2024, Golden Empire sent Plaintiff a notice that read,

---

[3] All facts stated herein are taken from the allegations in the FAC unless otherwise indicated.  The Court assumes the truth of the factual allegations in the FAC solely for the purpose of deciding these motions.
[4] Though the FAC alleges "Plaintiff acquired fee simple title to the Property," FAC ¶ 11, Exhibit 1 itself makes clear that Plaintiff was the "borrower" on a home loan secured by a deed of trust.
[5] The Court uses the ECF page numbers for the exhibits to the FAC.

It is [u]rgent that we reach you regarding your loan that we closed for you back in July, 2023.  To be able to get the loan insured, FHA is asking for the included forms signed by you.  Please do not date the forms.  We need them returned to us by January 19th. . . .

Also, could you please contact Manuel Corral at [phone number] to discuss your past and future payments.  It is very important that he speak with you.  We are definitely here to help you.  But, we need your cooperation.

*Id.* at 89.  Enclosed was a Uniform Residential Loan Application that was partially pre-filled.  *Id.* at 90–102.  Plaintiff alleges that this document "contained fabricated terms."  FAC ¶ 15.

Corral and Golden Empire's loan processor, Melinda Hisey "represented in writing that these loan modification documents [(i.e., the Uniform Residential Loan Application)] were 'necessary to avoid foreclosure' and that the $150 payment would be provided via gift card,[] when in fact the documents were designed to create grounds for immediate foreclosure while circumventing Plaintiff's debt validation rights."  *Id.* ¶ 16; *see* Ex. 7, FAC, Dkt. No. 1-4 at 89.  Plaintiff never signed the Uniform Residential Loan Application.  FAC ¶ 18.

## 2.    Foreclosure

Plaintiff alleges that Defendants initiated foreclosure proceedings on January 30, 2024, "treating the unsigned, rejected documents as if they created valid contractual obligations."  *Id.* ¶ 19.  Defendant Barrett Daffin Frappier Treder and Weiss LLP ("Barrett Daffin") "recorded a Notice of Default against the Property based solely on the unsigned contract documents that Plaintiff had explicitly rejected, proceeding without any valid contractual basis for foreclosure and without complying with Civil Code § 2924(a)(6), which requires attorney review of foreclosure documents."  *Id.* ¶ 21.  Defendants mailed required foreclosure notices to an address in Phelan, California, which Plaintiff has never used, in "a deliberate attempt to circumvent Plaintiff's right to notice."  *Id.* ¶ 26–27; Ex. 21, FAC, Dkt. No. 1-4 at 172.

The foreclosure sale took place on August 14, 2024.  FAC ¶ 30.  However, according to Plaintiff, "no valid debt existed to support foreclosure," as evidenced by "[a] credit report dated August 5th, 2024, show[ing] a $0 balance on the

mortgage account." *Id.* ¶ 33. After the foreclosure, Defendants engaged in conduct inconsistent with their ownership of the Property. *See id.* ¶¶ 35–36.

### 3. Plaintiff's Correspondence

Plaintiff "continued to demand debt validation" by mail on December 27, 2023, and January 9, 2024. *Id.* ¶ 23. On March 25, 2025, Plaintiff emailed had@bdfgroup.com regarding his LoanCare account. *Id.*; Ex. 10, FAC, Dkt. No. 1-4 at 125. On June 1, 2025, Plaintiff mailed a "Pre-Litigation Notice of HBOR Violations" letter to Barrett Daffin. FAC ¶ 23; Ex. 11, FAC, Dkt. No. 1-4 at 129–34 (emphasis omitted). On June 19, 2025, Plaintiff sent a letter to LoanCare's Legal Department regarding RESPA violations and "notice of intent to sue." FAC ¶ 23; Ex. 14, FAC, Dkt. No. 1-4 at 140 (citation modified). "Defendants ignored these debt validation" requests. FAC ¶ 24. Specifically, LoanCare "failed to provide substantive responses to these [Qualified Written Requests]" and "instead sen[t] evasive form letters dated June 11th, 2025, and July 18th, 2025, that did not address the specific information requested." *Id.* ¶ 43; *see* Ex. 12, FAC, Dkt. No. 1-4 at 136 (June 11 letter from LoanCare); Ex. 13, FAC, Dkt. No. 1-4 at 138 (June 11 letter from LoanCare indicating the same "received your request for information"); Ex. 15, FAC, Dkt. No. 1-4 at 142 (July 18 letter from LoanCare in response to Plaintiff's assertions of fraudulent foreclosure and other violations).

### 4. Unlawful Detainer

On January 16, 2025, Lakeview used unlawful detainer procedures to "execute[] a forcible lockout of Plaintiff from the Property." FAC ¶ 37; *see* Ex. 4-B, Dkt. No. 1-4 at 54–62. Additionally, "Defendants intentionally destroyed and converted Plaintiff's personal property." FAC ¶ 41.

### B. Procedural History

Plaintiff filed his Complaint in San Bernardino County Superior Court on July 17, 2025. Compl., Dkt. No. 1-3. He subsequently filed the FAC, bringing thirteen causes of action against LoanCare, Lakeview, Barrett Daffin, Golden Empire, and Doe Defendants. *See generally* FAC. On August 20, 2025, Plaintiff filed a "Proof of Service by Mail and Electronic Service" in state court. Dkt. No. 1-5 at 1 (citation modified). On September 12, 2025, Defendants removed the action to this Court, invoking this Court's federal question jurisdiction. Plaintiff suggests he attempted to serve Defendants again on September 15, 2025. *See* Dkt. No. 17 at 34–35, 40–41, 46–47, 52–53.

Defendants filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on September 22, 2025. Dkt. No. 4. The next day, Plaintiff filed the Motion to Remand. Dkt. No. 17. On September 29, 2025, Defendants filed their Amended Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) and arguing they had not been properly served. Dkt. No. 23.

## II.    LEGAL STANDARD

### A.    Motion to Remand

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* §§ 1331, 1332(a). "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citations omitted). Additionally, federal courts may hear supplemental state law claims if they "derive from a common nucleus of operative fact." *Notrica v. Bd. of Sup'rs of Cnty. of San Diego*, 925 F.2d 1211, 1213 (9th Cir. 1991) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see* 28 U.S.C. § 1367.

"The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *amended on denial of reh'g by*, 387 F.3d 966 (9th Cir. 2004). All defendants who have been "properly joined and served" must join in the notice of removal. 28 U.S.C. § 1446(a); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

### B.    Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under a 12(b)(6) motion can be based on either a "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534

F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citation omitted). On a 12(b)(6) motion, courts accept as true all well-pleaded allegations of material fact and construe them in a light most favorable to the non-moving party. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not" suffice. *Id.* (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

A district court should provide leave to amend upon granting a motion to dismiss unless it is clear that the complaint could not be saved by amendment; for instance, leave to amend may be denied if amendment would be futile. *See Manzarek*, 519 F.3d at 1034.

## III.    DISCUSSION

### A.    Motion to Remand

In their notice of removal, Defendants invoked the Court's federal question jurisdiction. Notice of Removal ¶¶ 6–7, Dkt. No. 1. The FAC on its face alleges claims for violations of federal laws—the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and 42 U.S.C. § 1983. *See generally* FAC. "Because federal law creates the right of action and provides the rules of decision" for these claims, "in 28 U.S.C. § 1331's words, [they] plainly 'aris[e] under' the 'laws . . . of the United States.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012) (citation omitted). "[T]here is no serious debate that a federally created claim for relief is generally a 'sufficient condition for federal-question jurisdiction." *Id.* (citation omitted).

Plaintiff acknowledges the existence of these federal causes of action but argues they "are merely supplemental" and that the state law claims constitute the "[c]ore dispute." Mot. Remand at 3, Dkt. No. 17. However, significant portions of the factual allegations appear to be pled for the purpose of alleging the federal causes of action. The Court has original jurisdiction over claims seeking to

vindicate rights under the federal statutes pled here, even if a plaintiff argues "[h]e merely seeks remedies under California law." *Robinson v. Enenmoh*, 2012 WL 1077023, at *1 (E.D. Cal. Mar. 29, 2012); *see also, e.g.*, *Sprau v. City of Surprise*, 2012 WL 1987186, at *1 (D. Ariz. June 4, 2012) (denying a motion to remand because the complaint stated a claim for a § 1983 violation, even though "[p]laintiff argued the alleged constitutional rights violations do not form 'the crux' of his case"); *Goulatte v. CitiMortgage, Inc.*, 2012 WL 12888846, at *3 (C.D. Cal. July 2, 2012) ("Contrary to Plaintiff's assertion, the Complaint clearly pleads causes of action under the Real Estate Settlement Procedures Act and the Fair Debt Collection Practices Act, both federal statutes. These causes of action 'arise under' federal law, thereby conferring federal question jurisdiction over them.").[6]

Plaintiff also argues removal is improper because it "was effected without obtaining consent from all properly served defendants"—particularly, Barrett Daffin,[7] Golden Empire, or the Doe Defendants. Mot. Remand at 2–3. Plaintiff also apparently takes issue with Defendants removing to this Court and at the same time maintaining they have not been properly served. *See id.* at 3.

At the time of removal, none of the defendants in this action had been properly served.[8] Plaintiff's purported mail service is insufficient because the record does not indicate any defendants returned the acknowledgment of service. "Code of Civil Procedure section 415.30, . . . which authorizes service of summons by mail, expressly predicates the efficacy of such service upon the execution and return of an acknowledgment of service. If the party addressed fails to do so, there is no effective service . . . ." *Thierfeldt v. Marin Hosp. Dist.*, 35 Cal. App. 3d 186, 199 (1973). That Defendants may have received actual notice of the action does not cure service that did not substantially comply with the rule. *See, e.g.*, *Thongnoppakun v. Am. Exp. Bank*, 2012 WL 1044076, at *2 (C.D. Cal. Mar. 26, 2012) ("service of a summons and complaint by mail does not constitute proper service on a defendant, even if that defendant has actual notice that a complaint has

---

[6] Plaintiff does not, for example, argue that the federal claims are "insubstantial." *See, e.g.*, *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985) ("Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider."). In addition, the Court has supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(a).

[7] Defendant Barrett Daffin has since filed an answer in this court. Dkt. No. 27.

[8] Plaintiff's waiver argument is discussed below. *See* Mot. Remand at 3.

been filed against that defendant." (citing *Mason v. Genisco Tech. Corp.,* 960 F.2d 849, 852 (9th Cir. 1992))).

Because none of the named defendants in this action had been properly served, Defendants were not required to obtain the other defendants' joinder in the Notice of Removal. *Destfino*, 630 F.3d at 956–57; *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties. This general rule applies, however, only to defendants properly joined and served in the action." (citations omitted)).

Accordingly, the removal was both substantively and procedurally proper, and Plaintiff's motion to remand is denied.

## B.    Motion to Dismiss

Defendants move to dismiss the claims against them for failure to state a claim under Rule 12(b)(6) as well as for insufficient service under Rule 12(b)(5).[9] In his Opposition, Plaintiff argues the Amended Motion to Dismiss should be denied for Defendants' failure to comply with Local Rule 7-3[10] and denied on the

---

[9] The Amended Motion to Dismiss cites Rule 12(b)(4). Amended Mot. at 8, 20. However, because the motion attacks the method of service, the Court interprets it as a motion under Rule 12(b)(5). *See* 5 Wright & Miller's Federal Practice & Procedure § 1353 (4th ed. 2024) ("An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, the lack of delivery, or the timeliness of delivery of the summons and complaint." (footnotes omitted)).

[10] Neither party properly complied with Local Rule 7-3 before filing any of their motions. Plaintiff, even though appearing pro se, was required to meet and confer prior to filing the motion to remand. Defendants, regardless of whether they were provided with a copy of this Court's Standing Order, were similarly required to meet and confer prior to filing the Motion to Dismiss, which they admittedly did not do. Dkt. No. 4; *see* Reply to Amended Mot. at 1, Dkt. No. 28. Although counsel for Defendants declared that the parties met and conferred six days prior to filing the Amended Motion, it does not appear to have been as complete of a

---

merits because he has stated plausible claims for quiet title, wrongful foreclosure,
RESPA violations, and Due Process violations brought pursuant to 42 U.S.C. §
1983. Opp'n at 10–12.[11] Plaintiff does not otherwise respond to Defendants'
arguments regarding the remaining claims, which the Court construes as waiver or
consent to the granting of the motion on those grounds, and the Court therefore
grants the motion as to those counts. *See, e.g.*, *Hartranft v. Encore Cap. Grp., Inc*.,
543 F. Supp. 3d 893, 913 (S.D. Cal. 2021) ("[W]here a non-moving party fails to
address an argument raised by the moving party in the opposition brief, the Court
may consider any arguments unaddressed by the non-moving party as waived.");
*Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) (failure to raise an issue in an
opposition may be deemed an abandonment of that issue); *see also* C.D. Cal. R. 7-
12, 7-9. For the following additional reasons, the Amended Motion to Dismiss is
granted in part and denied in part.

## 1.    <u>Documents Attached to FAC and Judicial Notice</u>

A review of a motion to dismiss is generally "limited to the complaint,
materials incorporated into the complaint by reference, and matters of which the
court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540
F.3d 1049, 1061 (9th Cir. 2008) (citation omitted). The court may judicially notice
facts that are not subject to reasonable dispute because they are either "generally
known within the trial court's territorial jurisdiction" or "can be accurately and
readily determined from sources whose accuracy cannot reasonably be
questioned." Fed. R. Evid. 201(b). "Even if a document is not attached to a
complaint, it may be incorporated by reference into a complaint if the plaintiff

---

discussion as is contemplated by the rules and this Court's Standing Order, as that
discussion did not occur until October 6 and 7, 2025, and also was conducted over
email and by phone. *See* Amended Mot. at 22; *see also* Reply at 1; Declaration of
Thomas K. Agawa ¶¶ 5–6, Dkt. No. 24; *accord* Pl.'s Decl., ¶¶ 2–3. Nonetheless, in
the interest of judicial economy and efficiency, and since the matters are fully
briefed and neither party claims an inability to timely or fully respond, the Court
proceeds to address the issues raised by the parties. The parties are admonished
that failure to comply with all applicable rules in the future may result in the
sanctions.

[11] Plaintiff also argues he has stated a claim for FDCPA violations, but that claim is
not against LoanCare or Lakeview and is not included in the Amended Motion to
Dismiss. Accordingly, the Court does not reach whether the FAC states a claim for
FDCPA violations against Barrett Daffin and Golden Empire.

Case 5:25-cv-02407-AH-BFM    Document 37    Filed 11/03/25    Page 10 of 17    Page ID
#:931

refers extensively to the document or the document forms the basis of the
plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

There are twenty-four exhibits attached to the FAC and incorporated by
reference. *See* FAC at 27; Dkt. No. 1-4 at 28 to Dkt. No. 1-6 at 4. Defendants
request the Court to take judicial notice of eight additional exhibits. Exs. 1–8,
Amended Mot.; *see also* Defs.' Request for Judicial Notice, Dkt. No. 5.

Exhibit 1 to the FAC, which is substantially similar to Defendants' Exhibit 1,
is the Deed of Trust to the Property. Because it is attached to the FAC, the Court
considers this exhibit and denies Defendants' request for judicial notice of Exhibit
1 as moot.

Additionally, Defendants request the Court take judicial notice of Exhibit 2,
the assignment of the deed of trust; Exhibit 3, a Substitution of Trustee instrument;
Exhibit 4, Notice of Default; Exhibit 5, Notice of Trustee's Sale; Exhibit 6,
Trustee's Deed Upon Sale; Exhibit 7, the Judgment in the unlawful detainer action;
and Exhibit 8, the Return on Writ of Possession. Exs. 2–8, Amended Mot. All of
these exhibits were filed with the San Bernardino County Superior Court or
electronically recorded in the official records of San Bernardino County, and
Plaintiff does not oppose the requests for judicial notice or question the documents'
authenticity. *See generally* Opp'n. Accordingly, the Court takes judicial notice of
Defendants' Exhibits 2 through 8. *See, e.g.*, *Velazquez v. GMAC Mortg. Corp.*, 605
F. Supp. 2d 1049, 1057 (C.D. Cal. 2008).

Plaintiff attaches several Exhibits to his Opposition. The Court interprets
this liberally as Plaintiff's request for judicial notice of the attached exhibits.
Defendants object to Plaintiff's request for judicial notice of the Exhibits, question
the authenticity of the Exhibits, and contend they contain inadmissible hearsay.
*See* Reply at 3–4. Because consideration of Plaintiff's exhibits does not aid in the
resolution of the motion, the Court denies Plaintiff's request for judicial notice.
*See, e.g.*, *Bryan v. City of Carlsbad*, 297 F. Supp. 3d 1107, 1115 (S.D. Cal. 2018)
("[T]he Court need not take notice of documents that do not provide any additional
relevant information, even if they would otherwise be the proper subject of judicial
notice." (citing *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1410 n.2 (9th Cir.
1990)).

Page **10** of 17     **CIVIL MINUTES – GENERAL**     Initials of Deputy Clerk YS

### 2. <u>Waiver of Improper Service</u>

Though Defendants did not raise the argument in their Motion to Dismiss, in their Amended Motion to Dismiss, they argue service was improper because they never returned a written acknowledgment of receipt. Amended Mot. at 21.

The defense of improper service of process is waived if not raised by motion or answer. *See* Fed. R. Civ. P. 12(h)(1); *Resol. Tr. Corp. v. Starkey*, 41 F.3d 1018, 1021 (5th Cir. 1995); *accord In re Roberts*, 241 F. App'x 420, 422 (9th Cir. 2007). However, the Court has discretion to permit a party to expand the grounds of a Rule 12 motion "well in advance of a hearing." *Bechtel v. Liberty Nat. Bank*, 534 F.2d 1335, 1341 n.8 (9th Cir. 1976) (rejecting argument that defendant "waived venue by waiting more than two months to amend its original motion to dismiss" and noting that Rule 12(h) "does not in any way prevent a judge in his discretion from permitting a party to expand the grounds of motion well in advance of a hearing" (citation omitted)).

Similarly, here, Defendants filed the Amended Motion to Dismiss shortly after filing their original Motion to Dismiss and well in advance of the October 29, 2025, hearing. The Court in its discretion considers Defendants' arguments regarding insufficient service of process.

In his Opposition, Plaintiff concedes that service was improper and requests an extension of time to effect proper service. Opp'n at 11. Defendants do not oppose this. *See* Reply at 2. In cases of insufficient service, the Court has discretion to dismiss an action or to quash service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). In this case, the Court denies the Amended Motion to the extent it seeks dismissal under Rule 12(b)(5), quashes service on LoanCare and Lakeview, and grants Plaintiff thirty (30) days from the date of this Order to effect proper service on them and file a proof of service.

### 3. <u>Wrongful Foreclosure and Quiet Title (Counts I and II)</u>

Plaintiff alleges a wrongful foreclosure claim against all defendants because "Defendants conducted a non-judicial foreclosure sale that was procedurally and substantively defective" for several reasons, including that it was based on an unsigned loan document and because of notice issues, among other things. FAC ¶¶ 54–55. Plaintiff also alleges a quiet title claim against all defendants, claiming the "Trustee's Deed is void and of no legal effect" for the same reasons. *Id.* ¶¶ 47–52.

The elements of a wrongful foreclosure cause of action are: (1) [T]he trustee
or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of
real property pursuant to a power of sale in a mortgage or deed of trust; (2)
the party attacking the sale (usually but not always the trustor or mortgagor)
was prejudiced or harmed; and (3) in cases where the trustor or mortgagor
challenges the sale, the trustor or mortgagor tendered the amount of the
secured indebtedness or was excused from tendering.

*Sciarratta v. U.S. Bank Nat'l Assn.*, 247 Cal. App. 4th 552, 561–62 (2016)
(alteration in original) (internal quotations and citations omitted).  "A foreclosure
initiated by one with no authority to do so is wrongful for purposes of such an
action."[12]  *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 929.  "[A]
borrower may base a wrongful foreclosure claim on allegations that the foreclosing
party acted without authority because the assignment by which it purportedly
became beneficiary under the deed of trust was not merely voidable but void."  *Id.*
"A void contract is without legal effect."  *Id.*  "A voidable transaction, in contrast,
'is one where one or more parties have the power, by a manifestation of election to
do so, to avoid the legal relations created by the contract, or by ratification of the
contract to extinguish the power of avoidance.'"  *Id.* at 930 (citation omitted).  A
"borrower who has suffered a nonjudicial foreclosure does not lack standing to sue
for wrongful foreclosure based on an allegedly void assignment merely because he
or she was in default on the loan and was not a party to the challenged
assignment."  *Id.* at 924.

---

[12] Because of some apparent confusion by Plaintiff regarding the deed of trust, the
Court directs Plaintiff to the general discussion in *Yvanova* regarding deeds of trust
and nonjudicial foreclosure: "A deed of trust to real property acting as security for
a loan typically has three parties: the trustor (borrower), the beneficiary (lender),
and the trustee. 'The trustee holds a power of sale. If the debtor defaults on the
loan, the beneficiary may demand that the trustee conduct a nonjudicial foreclosure
sale.'. . . The trustee starts the nonjudicial foreclosure process by recording a notice
of default and election to sell . . . . A promissory note is a negotiable instrument the
lender may sell without notice to the borrower. The deed of trust, moreover, is
inseparable from the note it secures, and follows it even without a separate
assignment. . . . A deed of trust may thus be assigned one or multiple times over the
life of the loan it secures."  62 Cal. 4th at 92–28 (citations omitted).

An action to quiet title can be brought "to establish title against adverse claims to real or personal property or any interest therein."  Cal. Civ. Proc. Code § 760.020. Under California Code of Civil Procedure section 761.020,

> a plaintiff's complaint "must include" all of the following as elements of the claim: (1) a description of the property that is the subject of the action; (2) the title of the plaintiff as to which a determination is sought and the basis of the title; (3) "[t]he adverse claims to the title of the plaintiff against which a determination is sought"; (4) the date as of which the determination is sought; and (5) a prayer for the determination of plaintiff's title "against the adverse claims."

*Weeden v. Hoffman*, 70 Cal. App. 5th 269, 294 (2021) (alteration in original).  In addition, a "plaintiff seeking to quiet title in the face of a foreclosure must allege tender or an offer of tender of the amount borrowed."  *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 712 (N.D. Cal. 2009) (quoting *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984)).

The facts alleged in the FAC and the judicially noticeable documents establish the following.  On July 21, 2023, Plaintiff executed a deed of trust securing a note for $372,135 on the Property. Ex. 1, FAC.  The lender was Golden Empire; the trustee was First American Title Company; and the beneficiary was MERS, as nominee. *Id*.  On February 1, 2024, a corporate assignment of deed of trust was recorded, whereby MERS assigned the deed of trust to Lakeview.  Ex. 2, Amended Mot.  On February 26, 2024, a substitution of trustee was recorded, whereby Barrett Daffin was substituted as trustee for First American Title Company.  Ex. 3, Amended Mot.  On March 8, 2024, a notice of default was recorded by Barrett Daffin.  Ex. 4, Amended Mot.  On June 20, 2024, a notice of trustee's sale was recorded by Barret Daffin.  Ex. 5, Amended Mot.

Plaintiff's primary argument relates to Golden Empire's efforts to communicate with him regarding the lack of insurance. Opp'n at 5.  Plaintiff also relies on communications following the sale regarding insurance to argue that the sale was void. *Id*. at 6.  However, Plaintiff does not plausibly allege that the foreclosure sale was based on an unsigned loan document.  Rather, the judicially noticeable documents demonstrate the chain of title, as discussed above.  On these facts, Plaintiff has not plausibly alleged a void contract or transaction.

On the other hand, Plaintiff does appear to allege that the sale is void due to deficient notice.[13]  FAC ¶¶ 26–29, 50, 55.  Plaintiff also argued this in his Opposition.[14]  Opp'n at 8.  Defendants do not address these allegations with regard to either the wrongful foreclosure or quiet title causes of action, and therefore the Court does not reach them.[15]  As to the quiet title cause of action, Defendants only argue that Plaintiff fails to plead tender.  However, if a plaintiff "properly allege[s] the foreclosure was void and not merely voidable, tender [is] not required to state a cause of action for quiet title or for cancellation of instruments."  *Sciarratta*, 247 Cal. App. 4th at 568.

Accordingly, the Court denies Defendants' motion to dismiss Counts I and II.

### 4.    Motion to Dismiss Claim for RESPA Violations (Count VI)

Plaintiff alleges a claim for violation of RESPA against LoanCare.  LoanCare does not dispute that it is a loan servicer within the meaning of the statute.  Instead, LoanCare argues that Plaintiff did not send it any inquiries that triggered a duty to respond.[16]

---

[13] *See, e.g.*, *Little v. Cfs Serv. Corp*., 188 Cal. App. 3d 1354, 1359 (1987) ("Where there has been a notice defect and *no* conclusive presumption language in the deed, the sale has been held void."); *Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 971 (N.D. Cal. 2012) ("Where a notice defect provides the basis for challenging a sale under a deed of trust, . . . California courts examine in detail the deed of trusts language to determine whether it contains 'conclusive presumption language in the deed' regarding notice defects that would render the sale merely voidable as opposed to void.")  (citation omitted)).

[14] Defendant is incorrect that these are new allegations.  *See* Reply at 6.

[15] For the first time in reply, Defendants argue that "Plaintiff contends that a single address on the Notice of Default vitiates the entire foreclosure proceeding.  This is patently incorrect."  Reply at 6.  Defendants cite to no authority and ignore the allegations in the FAC.

[16] Because LoanCare has not demonstrated that its designated address at which it receives QWRs is in the record, the Court declines to consider at this time its argument that Plaintiff's correspondences were not sent to the correct address and therefore were not QWRs.  *Cf. Roth v. CitiMortgage Inc.*, 756 F.3d 178, 182 n.4

---

CIVIL MINUTES – GENERAL     Initials of Deputy Clerk YS

"RESPA requires the servicer of a federally related mortgage loan to provide a timely written response to inquiries from borrowers regarding the servicing of their loans." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012) (citing 12 U.S.C. § 2605(e)(1)(A), (e)(2)).  A response to an inquiry is only required if the borrower's written inquiry "(1) reasonably identifies the borrower's name and account, (2) either states the borrower's 'reasons for the belief . . . that the account is in error' or 'provides sufficient detail to the servicer regarding other information sought by the borrower,' and (3) seeks 'information relating to the servicing of [the] loan.'" *Id.* at 666 (alteration in original) (quoting 12 U.S.C. § 2605(e)(1)(A)–(B)).  "Letters challenging only a loan's validity or its terms are not qualified written requests that give rise to a duty to respond under [the statute]." *Id.* at 667.  Because a claim for a RESPA violation hinges on whether the plaintiff sent the defendant a qualified written request ("QWR"), some courts have required plaintiffs either to attach the purported QWR to the complaint or plead the contents of the QWR with specificity, "such as when the letter was sent and to whom it was directed, why it was sent, and the contents of the letter—[so] that the Court may determine if the letter qualifies as a QWR." *Tanasi v. CitiMortgage, Inc.*, 257 F. Supp. 3d 232, 263 (D. Conn. 2017) (alteration in original).

Here, Plaintiff alleges he sent letters demanding "debt validation" on December 27, 2023, and January 9, 2024, but he does not attach those letters to the FAC or otherwise describe their contents or whether they were sent to LoanCare. FAC ¶ 23.  Accordingly, Plaintiff has not sufficiently alleged he sent QWRs to LoanCare on those dates.

Plaintiff attaches his June 1, 2025, letter to Barrett Daffin, but the letter is not alleged to have been sent to LoanCare in order to trigger its duty to respond.

Finally, Plaintiff attaches his June 19, 2025, letter to LoanCare's Legal Department.  This letter "demand[s] . . . full response to all issues in original QWR."  Ex. 14, FAC, Dkt. No. 1-4 at 140 (citation modified).  Construing the letter in the light most favorable to Plaintiff, it states the name and account number of the borrower, but there is no indication that the letter included copies of the "original QWR" or otherwise provided Plaintiff's reasons for the belief that his account was in error, or sufficient detail regarding other information sought by Plaintiff, or that the letter sought information relating to the servicing of the loan.

---

(2d Cir. 2014) (per curiam) (noting the designated address was set out in a document attached to the complaint, so the address was properly before the court).

The letter's demands for information regarding "void foreclosure documents,"
"dual-tracking evidence," and "fraudulent origination," as well as the demands to
"cease all foreclosure threats" and "correct credit reporting," *id.* (citations
modified), do not relate to LoanCare's servicing of the loan but instead "concern[]
only the loan's validity and terms," *Medrano*, 704 F.3d at 667.  Thus, Plaintiff fails
to sufficiently allege a QWR.

Because Plaintiff has not sufficiently alleged that he sent any QWR to
LoanCare, his claim for violations of RESPA is dismissed with leave to amend.

### 5.    42 U.S.C. § 1983 (Count XI)

Plaintiff brings a claim against Defendants for a violation of 42 U.S.C. §
1983, alleging that Defendants "acted under color of state law by utilizing the court
system and state foreclosure procedures to deprive Plaintiff of his constitutional
rights."  FAC ¶ 98.  Specifically, Plaintiff alleges that "Defendants' use of
fraudulent unlawful detainer procedures deprived Plaintiff of his Fourteenth
Amendment right to due process."  *Id.* ¶ 99.

"The requirements of procedural due process apply only to deprivation of
interests encompassed by the Fourteenth Amendment's protection of liberty and
property."  *Board of Regents v. Roth,* 408 U.S. 564, 569 (1972).  "[T]he conduct
allegedly causing the deprivation of a federal right [must] be fairly attributable to
the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  "Federal
courts have consistently held a private party's pursuit of state court unlawful
detainer proceedings does not constitute state action."  *Neher v. Davis*, 2025 WL
448937, at *4 (E.D. Cal. Feb. 10, 2025) (citing cases).  Nor does a private party's
general engagement in state court litigation render it a state actor.  *See id.* (citing
*Ohno v. Yasuma*, 723 F.3d 984, 996 (9th Cir. 2013)).  Thus, Plaintiff's allegations
that Defendants used the state court processes of unlawful detainer and foreclosure
are insufficient.  Because there is no indication that Plaintiff could plead facts to
remedy this deficiency, this claim is dismissed without leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, the Court denies the Motion to Remand and
Motion to Dismiss.  The Court denies the Amended Motion to Dismiss to the
extent it seeks dismissal for improper service, quashes service on LoanCare and
Lakeview, and grants Plaintiff thirty (30) days from the date of this Order to effect

proper service on them and file a proof of service.  The Court further grants in part and denies in part the Amended Motion to Dismiss as stated herein.

Any Amended Complaint must be filed within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**