UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-02407-AH-BFMx | Date | January 15, 2026 |
| Title | Eric D. Bailey v. LoanCare LLC et al. | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

The Court held a scheduling conference on January 15, 2025, during which the Court expressed questions about whether it has jurisdiction over this action. Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Federal courts have jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332(a). A complaint in federal court must contain "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Where a party contests, or the court questions, a party's allegations concerning the amount

in controversy, both sides shall submit proof, and the court must decide whether the party asserting jurisdiction has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89; *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *amended on denial of reh'g by*, 387 F.3d 966 (9th Cir. 2004).

During the scheduling conference, the Court noted that the parties' submissions indicated that the Court had federal question jurisdiction, but relied on causes of action that were not realleged in the Second Amended Complaint ("SAC"). *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) ("With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims."). With regard to diversity jurisdiction, the SAC does not adequately plead the citizenship of the parties, particularly the limited liability company defendants, and therefore the Court is unable to conclude that it has subject matter jurisdiction. *See, e.g.*, *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) ("[W]ith respect to a limited liability company, the citizenship of all of the members must be pled." (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006))).

The parties are ORDERED TO SHOW CAUSE, in writing, **within seven (7) days** from the date of this Order, why this action should not be remanded for lack of diversity jurisdiction. Failure to respond may result in remand of this action without further notice.

**IT IS SO ORDERED.**